IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIM GEUSS                                                               PLAINTIFF

      v.                          CIVIL NO. 10-5244

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                               DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, James Geuss, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on May 9, 2008, and May 20, 2008, respectively, alleging an inability to work since June 8, 2007, due to Lyme's disease, pain in his muscles, severe asthma, chronic fatigue syndrome, anxiety, panic attacks, depression, migraines, tachycardia, and a vision problem. (Tr. 191). An administrative hearing

was held on November 18, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 25-73).

By written decision dated May 28, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: Lyme's disease, asthma, tachycardia, chronic fatigue syndrome, migraines, and mood disorders. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. He can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. He is to avoid concentrated exposure to fumes, dusts, gases, odors, and poor ventilation. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. He can respond appropriately to supervisors, co-workers, the general public, and usual work situations.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as an assembler and a charge account clerk. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 29, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case was referred to the undersigned for for a report and recommendation. (Docs. 12, 13).

AO72A
(Rev. 8/82)

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform sedentary work with limitations. After reviewing the record, the undersigned is troubled by the fact that no examining or non-examining medical professional opined as to Plaintiff's capabilities to perform in the work place. The record revealed that three non-examining medical professionals opined that Plaintiff's impairments were non-severe in July 2008, October 2008, and December of 2008, respectively; however, the ALJ clearly did not find these opinions supported by the record, as the ALJ found Plaintiff had severe impairments to include Lyme's disease, asthma, tachycardia, chronic fatigue syndrome, migraines, and mood disorders. It appears in this instance that the ALJ looked at the medical records and determined, without the benefit of a medical professional's opinion, that Plaintiff was able to perform sedentary work. See Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). It is noteworthy that in July of 2009, Plaintiff reported a worsening of his fatigue to Nurse Moore of Community Clinic of St. Francis House. (Tr. 451). Plaintiff had also reported his chronic fatigue to Dr. Efird in November of 2008. (Tr. 439-442). After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical impairments.

On remand, the ALJ is directed to order a consultative general examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and

complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of April, 2012.

/s/ *Erin L. Setser*
  HON. ERIN L. SETSER
  UNITED STATES MAGISTRATE JUDGE

-6-

AO72A
(Rev. 8/82)