IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIM GEUSS                                                             PLAINTIFF

          v.                                         CIVIL NO. 10-5244

MICHAEL ASTRUE,
Commissioner of the Social Security Administration            DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jim Geuss, appealed the Commissioner's denial of benefits to this Court. On May 22, 2012, Judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). Plaintiff now moves for an award of $3,988.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 22.42[1] attorney hours of work before the Court at an hourly rate of $172.00 for work performed in 2010, $173.00 for work performed in 2011, and $180 for work performed in 2012, and $123.09 in costs. (Docs. 16-17). Defendant filed a response, objecting to certain hours claimed, as well as certain costs. (Doc. 19).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. <u>Jackson v. Bowen</u>, 807 F.2d 127, 128 (8th Cir. 1986). Under <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

---

[1] The Court notes that the time submitted for the year 2012 equals 4.33 hours and not the 4.00 hours indicated by the total minutes submitted by Plaintiff's counsel. (Doc. 16, p.2).

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award

accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 2.75 hours of attorney work performed in 2010, at an hourly rate of $172.00; 15.34 hours of attorney work performed in 2011, at an hourly rate of $173.00; and 4.33 hours of attorney work performed in 2012, at an hourly rate of $180.00. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of her requested hourly rate. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit.[2]

In Sanders v. Astrue, 2012 WL 19422 (W.D.Ark. Jan. 3, 2012) and 2011 WL 6937591 (W.D.Ark. October 31, 2011), this Court decided to follow the approach set forth in Knudsen

---

[2] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South) = $173.34/hour - $173.00.
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South) = $174.28/hour - $174.00.
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South) = $180.01/hour - $180.00.

v. Barnhart, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004), when determining how to compute an attorney's fee award. In Knudsen, the Court found that "[A] reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." Id. at 974. The Knudsen Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." Id. The Court finds that an award based upon Plaintiff's requested hourly rate of $172.00 for work done in 2010, $173.00 for work done in 2011, and $180.00 for work done in 2012 reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

We next address the number of hours Plaintiff's counsel claims she spent working on this case. Defendant objects to the 2.83 hours requested by Plaintiff's counsel on December 13, 2010, through the first entry on January 13, 2011. Defendant argues that the work performed on these dates occurred as a result of Plaintiff's counsel's failure to properly follow the Court's Order. The Court notes that the time Plaintiff's counsel seeks was for work performed due to Plaintiff's counsel's failure to timely file documents requested by the Court, and to respond to the Court's Show Cause Order. Plaintiff's counsel would not have had to perform the work in question had she properly followed the deadlines set forth by the Court. The Court agrees with Defendant and will therefore deduct the 2.83 hours.

Defendant objects to the 0.50 hours submitted by Plaintiff's counsel on April 8, 2011, for "POS for summons." Defendant argues that this submission does not provide for a meaningful review of reasonableness. The Court agrees with Defendant and will therefore deduct 0.50 attorney hour from the total compensable time sought by counsel.

AO72A
(Rev. 8/82)

Defendant also objects to the request by Plaintiff's counsel for 4.00 hours for preparation of her EAJA application. The Court finds the time sought to be excessive given that the petition and brief appear to be the standard petition and brief submitted by Plaintiff's counsel in social security cases. The Court will, therefore, deduct 3.00 hours from the total compensable time sought by counsel.

Defendant argues that Plaintiff's counsel's submission for $100.25 for photocopies is unreasonable. In <u>Daniels v. Astrue</u>, No. 10-5219 (Aug. 21, 2012), based on Defendant's objection, this Court found that Plaintiff was not entitled to recover for photocopying costs under the EAJA. Accordingly, Plaintiff's counsel's request for $100.25 for photocopies is not allowed. However, Plaintiff's counsel is entitled to recover for postage, and the Court finds $22.84 to be reasonable. <u>See</u> <u>Kelly v. Bowen</u>, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based upon the foregoing, the Court recommends that Plaintiff be awarded attorney's fees under the EAJA for: 1.50 (2.75-1.50) attorney hours for work performed in 2010, at an hourly rate of $173.00; 13.26 (15.34-2.08) attorney hours for work performed in 2011, at hourly rate of $174.00; and 1.33 (4.33-3.00) attorney hours for work performed in 2012, at hourly rate of $180.00 for a total attorney's fee award of $2,806.14, plus $22.84 in costs. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this day of 30th day of January, 2013.

>              /s/ Erin L. Setser
>              HONORABLE ERIN L. SETSER
>              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)